# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10374
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rodney Deangelo Jordan,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:21-CR-65-1

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Rodney Deangelo Jordan appeals his conviction and sentence for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Citing *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) (*National Federation*), Jordan argues that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10374

§ 922(g)(1) exceeds the scope of Congress's power under the Commerce Clause and is thus unconstitutional. He asserts that Congress's power under the Commerce Clause authorizes it to regulate only commercial activity and that the mere travel of an object through interstate commerce is not, by itself, a commercial act.

Jordan concedes that his claim is foreclosed by circuit precedent, and he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief. In *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013), we noted that we have consistently upheld the constitutionality of § 922(g)(1), a statutory provision that we described as "a valid exercise of Congress's authority under the Commerce Clause." We explained that *National Federation* did not address the constitutionality of § 922(g)(1) and did not express an intention to overrule precedent finding § 922(g)(1) constitutional. *Id.* at 146. Therefore, the parties are correct that Jordan's claim is foreclosed. *See Alcantar*, 733 F.3d at 145-46; *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, the alternative motion is DENIED AS MOOT, and the judgment is AFFIRMED.